IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JASON BOYNTON, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 5:20-cv-246

**WILSON COMPANY and RICHARD BILLS**            **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jason Boynton ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Wilson Company and Richard Bills (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business in this District and a substantial part of the records of the violations alleged herein are in this District.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

6. Plaintiff works at Defendant's store located in Shertz, in the San Antonio Division of the Western District of Texas. Therefore, the acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff is a citizen and resident of Kendall County.

9. Separate Defendant Wilson Company ("Wilson Company"), is a domestic, for-profit corporation.

10. Wilson Company's registered agent for service is Richard Bills, at 16301 Addison Road, Dallas, Texas 75248.

11. Separate Defendant Richard Bills ("Bills") is an individual and a resident of Texas.

12. Defendant has a website which is located at https://www.wilson-company.com/default.aspx.

### IV.   FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

14. Defendant owns and operates stores which sell pneumatic and hydraulic equipment and services.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as motors, piston pumps, cylinder repair kits and hydraulic power units.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17. Defendant is an "employer" within the meaning set forth in the FLSA, 29 U.S.C. § 203(d), and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer and was engaged in interstate commerce as that term is defined under the FLSA.

18. Bills is an owner, principal, officer and/or director of Wilson Company.

19. Bills manages and controls the day-to-day operations of Wilson company, including but not limited to the decision to not pay Plaintiffs a proper overtime premium.

20. Within the three years preceding the filing of this Complaint, Plaintiff worked for Defendant as an hourly-paid employee.

21. At all material times, Plaintiff was entitled to the rights, protection, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

22. During Plaintiff's employment, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid Plaintiff an hourly wage.

23. Defendant employed Plaintiff as a Store Manager from April of 2019 until February of 2020.

24. Plaintiff was primarily responsible for helping walk-in customers and keeping the store in order.

25. Although Plaintiff's title was "Store Manager," he did not manage any other employees.

26. Plaintiff did not have authority to hire or fire any other employee, nor were his recommendations to hire or fire given particular weight by Defendant.

27. In addition to the hourly rate, Plaintiff periodically received nondiscretionary bonuses.

28. All other hourly-paid employees received the same or similar nondiscretionary bonuses that Plaintiff received.

29. Plaintiff and similarly situated employees received quarterly and annual bonuses based on the store's sales and Defendant's overall profitability.

30. The nondiscretionary bonuses were a form of compensation to the Plaintiff

and similarly situated employees.

31. Defendant paid Plaintiff and similarly situated employees an hourly wage and classified them as nonexempt from the overtime requirements of the FLSA.

32. Plaintiff and similarly situated employees worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendant.

33. During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and similarly situated employees.

34. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

35. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the nondiscretionary bonus, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

36. Upon information and belief, Defendant's bonus policy was the same at all of its locations.

37. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff repeats and re-alleges all the preceding paragraphs of this

Complaint as if fully set forth in this section.

39. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40. Plaintiff brings his FLSA claim on behalf of all other hourly-paid employees who received nondiscretionary bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorney's fees and costs.

41. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They were eligible for and received nondiscretionary bonuses; and

D. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

Page 6 of 11
Jason Boynton, et al. v. Wilson company, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:20-cv-246
Original Complaint—Collective Action

43. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds twenty (20) persons.

44. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

45. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

46. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

47. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

48. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

49. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

50. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

51. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

53. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

54. Plaintiff brings this collective action, on behalf of himself and all hourly-paid employees who received nondiscretionary bonuses and were employed by Defendant, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours he and they worked in excess of forty (40) each week.

55. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

56. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

57. In the past three years, Defendant has employed more than twenty (20) hourly-paid employees who were eligible for nondiscretionary bonuses.

58. Upon information and belief, Plaintiff and all or almost all hourly-paid employees who received nondiscretionary bonuses regularly worked more than forty (40) hours in a week.

59. Upon information and belief, Defendant failed to pay these workers at the proper overtime rate.

60. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

> **All hourly employees in the past three years who earned a bonus in connection with work performed in any week in which they worked over forty hours.**

61. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jason Boynton, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A.   That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and the members of the putative class and all monies paid to them;

B.   A declaratory judgment that Defendant's practices violate the FLSA and the attendant regulations;

C.   Judgment for damages for all unpaid overtime compensation under the FLSA and the attendant regulations;

D.   Judgment for liquidated damages pursuant to the FLSA and the attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E.   An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

F.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JASON BOYNTON, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Merideth Q. McEntire
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com